Todd Blanche
Attorney General of the United States
Lisa C. Cartier-Giroux
Assistant United States Attorney
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

John A. Eisenberg
Assistant Attorney General for National Security
Patrick J. Cashman
Ryan D. White
Trial Attorneys
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 514-2007

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ASHTON HAMED ELLABOUDY,<br>Defendant. | Case No.: 4:26-MJ-07228-JAG<br><br>Motion for Detention |

The United States moves for pretrial detention of Defendant, pursuant to 18 U.S.C. § 3142(e) and (f).

A. 18 U.S.C. § 3142(e) and (f)

1. Eligibility of Case

This case is eligible for a detention order because the case involves (check one or more):

☐ Crime of violence (as defined in 18 U.S.C. § 3156(a)(4) which includes any felony under Chapter 77, 109A, 110 and 117);

☐ A violation of 18 U.S.C. § 1591;

☒ An offense listed in 18 U.S.C. § 2332b(g)(5)(B) with maximum penalty of 10 years or more;

☐ Maximum penalty of life imprisonment or death;

☐ Drug offense with maximum penalty of 10 years or more;

☐ Felony, with two prior convictions in above categories;

☐ Felony that involves a minor victim or that involves the possession or use of a firearm or destructive device as those terms are defined in 18 U.S.C. § 921, or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250;

☐ Minor Victim ☐ Firearm ☐ Destructive Device

☐ Dangerous Weapon ☐ Failure to Register

☒ Serious risk Defendant will flee (as specified below); or

☒ Serious risk obstruction of justice (as specified below).

The Defendant presents a serious risk of flight based on his sentencing exposure, overseas ties, and financial status, and no condition or combination of conditions could reasonably be imposed which would prevent the Defendant from fleeing this jurisdiction and avoiding prosecution.

The Defendant has ties to various individuals overseas, including in the Middle East. The Defendant is a naturalized United States citizen who was born in Egypt. The Defendant continues to have familial ties to individuals in Egypt. Additionally, during this investigation, FBI special agents observed the Defendant communicating with individuals in Egypt, Israel, Palestine, and Kuwait.

The Defendant has also shown the ability and willingness to travel overseas, specifically to Sanaa, Yemen – the territorial epicenter of Ansarallah ("Houthis"). The Defendant throughout this investigation has maintained both a personal U.S. passport and an official (Special Issuance/Red Passport) U.S. passport. In September 2025, the Defendant, with the intention of travelling to Sanaa, Yemen, attempted to travel from Oman and into Yemen using this official U.S. passport without authorization. A review of this passport by U.S. Customs and Border Protection officials indicated multiple entry and exit stamps at the Sarfait Border Post, which is the international border checkpoint located on the Oman-Yemen border. The Defendant, upon his return to the United States, informed a FBI confidential human source (CHS) that he paid an individual to smuggle him across the border, but was ultimately unsuccessful at making the trip to Sanaa.

The Defendant has exhibited a willingness to conceal his unlawful travels through misrepresentations to both United States Customs and Border Protection officials, as well as his employer. Upon the Defendant's return from Yemen and Oman, the Defendant was interviewed by U.S. Customs and Border Protection Officers at the Los Angeles International Airport. During this interview, the Defendant stated that he travelled overseas on official government business to conduct a Department of Energy inspection of U.S. missile defense sites in the region. FBI Special Agents subsequently confirmed with the Defendant's DOE supervisor that the Defendant was not authorized for official overseas travel for DOE at that time, and the supervisor was not aware of any DOE mission to inspect missile sites, nor would the Defendant have any reason to conduct such an inspection as that is not a duty within the scope of his employment with DOE. Additionally, the DOE supervisor advised that he did believe the Defendant had a DOE special issuance passport as his job duties did not involve international travel.

According to an FBI Financial Analyst, the Defendant further maintains substantial amounts of known currency, which provides a ready means for the Defendant to flee the United States. The Defendant, between January and July 2026, had combined known banking assets of approximately $280,000, which is further supplemented by assets held in various investment and brokerage accounts. Additionally, the Defendant maintains at least one known consumer credit card account that has an available credit limit of approximately $15,000.

When considering the totality of the circumstances, including the Defendant's overseas ties and ability to travel, there are no conditions or combination of conditions that this Court could employ to reasonably assure the Defendant's presence in this jurisdiction and at future court proceedings.

2. Reason for Detention

The Court should detain Defendant because there is no condition or combination of conditions which will reasonably assure (check one or both):

☒ Defendant's appearance as required; or

☒ Safety of any other person and the community.

3. Rebuttable Presumption.

The United States

☒ will

☐ will not

invoke the rebuttable presumption against Defendant under 18 U.S.C. § 3142(e).

If the United States is invoking the presumption, it applies because there is probable cause to believe Defendant committed:

☐ Drug offense with maximum penalty of 10 years or more;

☐ An offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☒ An offense under 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ An offense under chapter 77 of Title 18, United States Code, for which a maximum term of imprisonment of 20 years or more is prescribed;

☐ An offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425;

☐ Other circumstances as defined in 18 U.S.C. § 3142(e)(2).

4. <u>Time for Detention Hearing</u>

The United States requests that the Court conduct the detention hearing:

☐ At the first appearance, or

☒ After a continuance of three days.

B. <u>No Contact Order</u>

The United States further requests, in addition to pretrial confinement, that Defendant be subject to the following condition:

Defendant shall have no contact whatsoever, direct or indirect, with any persons Defendant knows or reasonably should know are or may become a victim or potential witness in the subject investigation or prosecution. Prohibited forms of

contact include, but are not limited to, telephone, mail, email, text, video, social media, and/or any contact through any third person or parties.

Dated: October 1, 2026.

Todd Blanche
Attorney General of the United States

*s/Lisa Cartier-Giroux*
Lisa Cartier-Giroux
Assistant United States Attorney

*s/Patrick J. Cashman*
Patrick J. Cashman
Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

s/Lisa Cartier-Giroux
Lisa Cartier-Giroux
Assistant United States Attorney